HENRY McGILVERY *vs.* HENRY S. STAPLES, and others.

Kennebec. Opinion December 22, 1888.

*Justice of the Peace. "Disinterested." Poor Debtor. R. S., c. 113, § 28.*

A justice of the peace and quorum who has heard one disclosure of a poor debtor arrested upon execution, and formed an opinion upon the evidence there presented, is not thereby disqualified to hear and determine a second disclosure by the debtor upon the same execution.

A mere intellectual, moral, or sympathetic interest in a matter or a party, is not such a legal interest as disqualifies an officer, required to be "disinterested."

ON REPORT. The full court were to render such judgment as the law and facts required.

The opinion states the case and material facts.

*Beane and Beane*, for the plaintiff, cited: R. S., c. 113, §§ 30, 42, 28; R. S., c. 1, rule 22; R. S., c. 107, § 2; *Call* v. *Pike*, 66 Maine, 350; *Hardy* v. *Sprowle*, 32 Maine, 310; *Norridgewock* v. *Sawtelle*, 72 Maine, 484; R. S., c. 113, § 28; R. S., c. 104, § 37; *Walker* v. *Greene*, 3 Maine, 215; R. S., c. 82, § 80; *Asbury Ins. Co.* v. *Warren*, 66 Maine, 523, 533; *Studley* v. *Hall*, 22 Maine, 200; *Hussey* v. *Allen*, 59 Maine, 269; *Bradbury* v. *Conly*, 62 Maine, 223; Acts of 1887, c. 137, § 26; R. S., c. 113, §§ 30, 46.

*Spaulding* v. *Record*, 65 Maine, 220; *Poor* v. *Knight*, 66 Maine,

482; *Hackett* v. *Lane*, 61 Maine, 31; *Knight* v. *Norton*, 15 Maine, 339; *Williams* v. *Burrill*, 23 Maine, 144; *Blake* v. *Brackett*, 47 Maine, 28; *Williams* v. *Turner*, 19 Maine, 454; R. S., c. 113, § 40; *Perry* v. *Plunkett*, 74 Maine, 328, 330; *Colton* v. *Stanwood*, 68 Maine, 482; *Bradley* v. *Pinkham*, 63 Maine, 164; *Hackett* v. *Lane*, *supra*, 36.

*J. Williamson*, for defendants.

The only question presented is whether a justice of the peace, by officiating in the disclosure of a poor debtor, loses his attribute òf being disinterested, so that his action in a second disclosure of the same party, where the examination and testimony to some extent differ from the first, is illegal and void.

Upon the assumption by the counsel for the plaintiff that the two disclosures were identical, I submit that as the magistrate acted in a judicial capacity, he is presumed to have been unprejudiced and indifferent, "for the law will not suppose a possibility of bias or favor in a judge, who is already sworn to administer impartial justice and whose authority greatly depends upon that presumption and idea." 3 Black. Com. 361.

In New York, it was held proper for a judge of the court of appeals to take part in determining causes brought up from a subordinate court of which he was a member, and in the decision of which in the court below he took part. *Pierce* v. *Delameter*, 1 Comst. 17. So in error to a circuit court from the supreme court, the justice of the supreme court, who tried the cause below, is not disqualified from sitting in the hearing of the cause in error. *Peck* v. *Freeholders of Essex*, 1 Spenc. 457; *Turnbull* v. *O'Hara*, 4 Yeates, 446; *Young* v. *Adams*, 6 Mass. 182; *Northampton* v. *Smith*, 11 Met. 390, 395; *Smith* v. *Bradstreet*, 16 Pick. 264; *Hawes* v. *Humphrey*, 9 Pick. 350, 357.

A justice of the peace is not legally disqualified to take jurisdiction of and try a case for the reason that he has previously as one of a board of arbitrators between the same parties, and in reference to the subject matter of the suit, upon a hearing of such matter as such arbitrator, formed an opinion, and expressed it to his associate arbitrator.

*Batchelder* v. *Nourse*, 35 Vt. 642; *Fuller* v. *Davis*, 73 Maine,

556; *Lovering* v. *Lamson*, 50 Maine, 334; Coke Lit. 3, 251 (228); *Argent* v. *Darrell*, Salk. 648; *Rex* v. *Bell*, Strange, 995; *McDonald* v. *Beall*, 55 Georg., 288; *Commonwealth* v. *Hill*, 4 Allen, 591; *Charlton Plow Co.* v. *Deusch*, 16 Neb. 384.

EMERY, J.   The material facts are these:   A debtor, who had been arrested on execution, and had given the usual "six months bond," essayed to disclose, and take the poor debtors' oath in fulfillment of his bond.   The justice selected by him favored administering the oath, but the other justice objected, and the third justice called in sustained the objection.   The debtor then again cited the creditor to attend a new disclosure, and selected the same justice, who in the former hearing had favored administering the oath.   The creditor objected and protested against this justice acting a second time in the same matter, but without avail, and this time the oath was administered.   The creditor then brought this suit upon the bond, claiming it has not been fulfilled by a disclosure before two disinterested justices.   The only question is, was the justice chosen by the debtor at the second disclosure disinterested.

The justice was admittedly qualified to hear and determine the first application.   He was then a "disinterested justice of the peace and quorum for the county."   R. S., c. 113, § 28.   The creditor, however, insists that the justice, having heard and adjudicated upon the first application, is no longer "disinterested" in the matter of the debtor's applications for a discharge from this arrest.   No other objection is made to his disinterestedness, or qualifications.

The justice was of course disinterested unless he had an interest in the question,—not an intellectual, moral or sympathetic interest, but a legal, positive interest, either by way of relationship to some of the parties, or by way of some accruing pecuniary gain or loss from the result.   The justice clearly had no such legal interest at the time of the second hearing, and hence was disinterested.

It does not follow that the justice, by reason of the prior hearing, could not, or did not adjudicate honestly and impartially at

the second hearing. If, however, he carried into the second hearing, a pride of opinion formed at the first hearing, that would affect only his mental and not his legal qualifications. This court cannot entertain challenges against the members of any inferior courts, who are legally qualified and appointed. *Lovering* v. *Lamson,* 50 Maine, 334; *Fuller* v. *Davis,* 73 Maine, 556.

*Judgment for defendants.*

PETERS, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.